IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIBREEL FRAZIER,** | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 23-627** |
| | : | |
| **TRANS UNION, LLC,** | : | |
| Defendant. | : | |

<u>**MEMORANDUM**</u>

Younge, J.                                                           July 19, 2023

## I. INTRODUCTION

Currently before this Court is Defendant Trans Union, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim. (Def. Mot. to Dismiss, ECF No. 13.) The Court finds this motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, Defendant Trans Union, LLC's Motion to Dismiss (ECF No. 13) will be granted with prejudice, without leave to amend.

## II. FACTUAL BACKGROUND

Plaintiff Jibreel Frazier has filed this civil action against Defendant Trans Union, LLC—a consumer reporting agency—alleging that, between September 14, 2022 and October 16, 2022, Defendant furnished Plaintiff's consumer credit report to various banks and lenders without Plaintiff's written informed consent, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681. (Second Amended Complaint (hereinafter, "SAC"), pp. 6-8, ECF No. 12.) Plaintiff also asserted a standalone negligence claim for Defendant's alleged failure to obtain his consent and for Defendant's breach of its duty to safeguard and protect Plaintiff's consumer information. (SAC, pp. 8-9, ECF No. 12.) In support of his claims, Plaintiff attached nine (9) exhibits to his Second Amended Complaint documenting the various credit denials and instances where Defendant is

listed as the consumer reporting agency that supplied his credit report. (SAC, Exs. A-I, pp. 10-31, ECF No. 12.) Plaintiff is seeking special and general damages—amounting to $30,000 or $40,000—to cover civil liability, emotional distress, and mental anguish as a result of Defendant's actions and alleged violations. (SAC, pp. 4, 9, ECF No. 12.)

### III. PROCEDURAL HISTORY

On January 24, 2023, Plaintiff initially filed this matter in the Court of Common Pleas of Philadelphia County, Pennsylvania. (Def. Notice of Removal, Ex. B, Compl., ECF No. 1-3.) On February 17, 2023, Defendant removed the case to this Court. (Def. Notice of Removal, ECF No. 1.) On March 7, 2023, Plaintiff then filed what is termed a "Complaint" (but should really be styled as an "Amended Complaint") in the above-captioned docket. (Am. Compl., ECF No. 10.) On March 21, 2023, Defendant filed a motion to dismiss Plaintiff's Amended Complaint. (Def. Mot. to Dismiss Am. Compl., ECF No. 11.) On April 3, 2023, Plaintiff filed what is termed an "Amended Complaint" (but should really be treated as a "Second Amended Complaint") in the above-captioned docket. (SAC, ECF No. 12.) On April 17, 2023, Defendant filed a motion to dismiss Plaintiff's Second Amended Complaint. (Def. Mot. to Dismiss SAC, ECF No. 13.) Across the initial Complaint and the Second Amended Complaint, Plaintiff's claims and causes of actions changed. While Plaintiff's initial Complaint alleged that Defendant "reported inaccurate information," referred to a "late report," and argued that Defendant furnished Plaintiff's consumer reports without his consent, (*see* Def. Notice of Removal, Ex. B, Compl., ¶¶ 7-8, 11-12, 18, ECF No. 1-3.), Plaintiff's Second Amended Complaint has seemingly removed any reference to inaccurate reporting or late payments, and has, instead, focused solely on Defendant purportedly furnishing various consumer reports without Plaintiff's written instruction or consent, (*see* Am. Compl., ECF No. 10; SAC, ECF No. 13).

### IV. LEGAL STANDARD

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is detailed in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Iqbal* makes clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Thus, this Court must examine Plaintiff's claims to determine whether it can infer that Defendant is liable for the alleged misconduct.

### V. DISCUSSION

As previously discussed, Plaintiff has seemingly asserted a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681. More specifically, Plaintiff relies on § 1681b(a)(2), which states that, "any consumer reporting agency may furnish a consumer report under the following circumstances and no other: (2) In accordance with the written instructions of the consumer to whom it relates." 15 U.S.C. § 1681b(a)(2). However, Plaintiff seemingly overlooks the very next line of the statute, which also permits a consumer reporting agency to furnish a consumer report, "[t]o a person which it has reason to believe—(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and

involving the extension of credit to, or review or collection of an account of, the consumer." *Id.* § 1681b(a)(3)(A).

Perhaps most fatal for Plaintiff's claims, his own exhibits to his Second Amended Complaint show that he had, in fact, applied for an extension of credit on multiple occasions. *See* (SAC, Ex. A, p. 11, ECF No. 12) ("Thank you for your credit application."); (SAC, Ex. B, p. 13, ECF No. 12) ("Thank you for your recent application for the extension of credit…."); (SAC, Ex. C, p. 15, ECF No. 12) ("Thank you for your recent application for the extension of credit…."); (SAC, Ex. D, p. 17, ECF No. 12) ("Description of Account, Transaction, or Requested Credit: Automobile Financing"); (SAC, Ex. E, p. 19, ECF No. 12) ("Recently, a credit application was submitted to us on your behalf…."); (SAC, Ex. F, p. 22, ECF No. 12) ("Thank you for applying for an installment loan."); (SAC, Ex. G, p. 24, ECF No. 12) ("After reviewing your application for credit…."); (SAC, Ex. H, p. 26, ECF No. 12) ("After reviewing your application for credit…."); (SAC, Ex. I, p. 28, ECF No. 12) ("Thank you for your request for the CareCredit credit card, issued by Synchrony Bank.").

Taken together, the evidence proffered by Plaintiff, himself, shows that Defendant had reason to believe that the various applications initiated by Plaintiff involved the extension of credit—thereby making it difficult for this Court to infer that Defendant violated the Fair Credit Reporting Act or was negligent in any way.

## VI. CONCLUSION

For the foregoing reasons, Defendant Trans Union, LLC's motion to dismiss Plaintiff's Second Amended Complaint is hereby granted. Plaintiff Jibreel Frazier will not be granted leave to amend his claims—as any attempt to amend would be futile. *See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879 (3d Cir. 2018) ("Leave to amend is properly

denied if amendment would be futile, *i.e.*, if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile).

      An appropriate Order follows.

      **IT IS SO ORDERED.**

      **BY THE COURT:**

*/s/ John Milton Younge*
**JUDGE JOHN MILTON YOUNGE**